**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MAHALIA JACKSON, | |
| Plaintiff, | |
| v. | Case No. 25-cv-3712-MJS |
| MARKWAYNE MULLIN<br>*Secretary of Homeland Security*, *et al.*,[1] | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mahalia Jackson is a former employee of the Federal Emergency Management Agency ("FEMA"). Proceeding *pro se*, Jackson brings this lawsuit against FEMA and the Secretary of the U.S. Department of Homeland Security ("DHS")—as FEMA's parent department—claiming various instances of alleged mistreatment during her employment. She also appears to assert parallel claims against three individual FEMA supervisors identified by name in her complaint. Defendants now move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for insufficient service of process and failure to state a claim, respectively. On review, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion. The Court will **DISMISS** any claims Jackson may be pursuing against the individual defendants as legally unsustainable. Additionally, the Court agrees that Jackson has not validly completed service, but in lieu of dismissal on that basis, the Court will exercise its discretion to afford Jackson additional time to accomplish proper service. Defendants' motion is otherwise denied.

---

[1] The current Secretary is automatically substituted as the named defendant. Fed. R. Civ. P. 25(d).

**BACKGROUND**

Jackson filed this case on October 20, 2025. (ECF No. 1 ("Compl.").) Through her complaint, Jackson asserts various claims of age and disability discrimination, retaliation, and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act. (*See generally id.*) Jackson asserts these claims against the Secretary of Homeland Security in an official capacity (at filing, Kristi Noem held that cabinet post, but she has since been replaced by Markwayne Mullin) and against FEMA. Jackson also appears to name three individual FEMA employees as defendants: Sammy Brunson, Denise Morales, and David McKendrick. (*Id.* at 1–2.)

A few weeks after filing her complaint, Jackson docketed proofs of service. (ECF No. 5.) Those submissions reflect that Jackson—acting personally on her own behalf—sent materials by certified mail to the Attorney General of the United States, to the U.S. Attorney's Office for the District of Columbia, and to DHS and FEMA. (*See id.*) On the server's signature lines, Jackson signed each of the proofs of service herself. (*See id.*) The following month, Jackson filed another set of proofs of service that largely mirrored the first. (ECF Nos. 6, 10.) Again, Jackson signed those materials, which indicates that she personally completed service. (*See id.*)[2]

Defendants then filed a motion to dismiss invoking Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). (ECF No. 11.) In keeping with our Local Rules, Jackson filed a timely response, and Defendants filed a reply. (ECF Nos. 15, 17.) Jackson then filed a surreply without approval. (ECF No. 18.)[3] While the briefing played out, Jackson separately filed what she

---

[2] Jackson submitted still another affidavit of service in mid-January 2026, purporting to reflect service on the Assistant United States Attorney who entered an appearance on behalf of Defendants. (ECF No. 13.)

[3] To be clear, neither the Court's Local Rules nor the Federal Rules of Civil Procedure authorize the filing of a surreply. They are "rarely permitted" and typically "only when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." *Stevens v. Sodexo, Inc.*, 846 F. Supp.

captioned a "Declaration of Cure of Service" (ECF No. 16), which essentially restated Jackson's prior service efforts reflected in her earlier filings—in each case, reflecting that Jackson personally attempted service on her own behalf as a party. Defendants' motion is now ripe for decision.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(5) allows a party to seek dismissal of a complaint based on "insufficient service of process." *See* Fed. R. Civ. P. 12(b)(5). When service is contested, "the plaintiff 'bears the burden of demonstrating the validity of her proposed method of service.'" *Stallard v. Goldman Sachs Grp., Inc.*, 2022 WL 59395, at *4 (D.D.C. Jan. 6, 2022). Put another way, "the plaintiff 'must demonstrate that the [service] procedure employed satisfied the requirements of the relevant portions of Rule 4 … and any other applicable provision of law." *Am. Univ. v. District of Columbia*, 2020 WL 4754619, at *3 (D.D.C. July 13, 2020). If a plaintiff comes up short in carrying that burden, a court can either "dismiss the complaint without prejudice for insufficient service of process," or alternatively, it may "direct that service be effected within a particular period of time." *Stallard*, 2022 WL 59395, at *3 (internal citations and quotations omitted). Relevant here, the D.C. Circuit has stressed that courts should afford *pro se* litigants some extra "latitude … to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). But that latitude "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure." *Id.*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On that front, courts

---

2d 119, 130 (D.D.C. 2012) (citing *Ben–Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)). Given Jackson's *pro se* status, the Court will consider the surreply this time around. But moving forward, Jackson is expressly advised that the Court's governing rules contemplate only three briefs related to a motion—the moving party's opening brief, the opposing party's response, and the moving party's reply—and nothing more, including a surreply, without the Court's approval.

consider whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" means the complaint's factual allegations must allow for a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing plausibility, courts must construe the complaint "in favor of the plaintiff" and afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (citation omitted). That said, courts need not accept as true "legal conclusions couched as factual allegations," *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016), and mere "recitals of the [legal] elements of a cause of action" cannot "suffice" to forestall a motion to dismiss, *L. Xia v. Tillerson*, 865 F.3d 643, 650 (D.C. Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). Finally, in reviewing *pro se* complaints, as here, courts must apply an especially "liberal reading," including by treating "technical deficiencies in the complaint leniently" and scrutinizing "the entire pleading to determine if any legally cognizable claim can be found." *Spence v. United States Dep't of Veterans Affs.*, 109 F.4th 531, 538 (D.C. Cir. 2024) (cleaned up). This added leniency requires consideration of "supplemental material" filed by a *pro se* litigant. *Id.* (citation omitted).

## DISCUSSION

### I.    Rule 12(b)(5) Issues

Defendants' lead argument is that Jackson's complaint should be dismissed for insufficient service of process because she personally served the summons herself, in contravention of the Federal Rules. (ECF No. 11 at 12–13.) Jackson does not really contest that proposition, but she urges the Court to resist dismissal on this basis and instead provide her with additional time to cure. Alternatively, Jackson suggests the Court should overlook the issue altogether because

4

Defendants received "actual notice" of the lawsuit. (ECF No. 15 at 2, 4.) The Court agrees that Jackson's service efforts to date have been deficient, but it declines to dismiss the complaint on this basis in favor of providing Jackson another opportunity to cure the issue.

Relevant here, proper service can be accomplished by "[a]ny person who is at least 18 years old and *not a party*." Fed. R. Civ. P. 4(c)(2) (emphasis added). Jackson's service efforts run afoul of this rule. Her various affidavits of service and submissions reflect that she personally mailed the applicable materials herself, rather than having a non-party do so. (*See* ECF Nos. 5, 6, 10, 13, 16.) Because Jackson personally attempted to serve Defendants, and because Jackson is undeniably "a party" to this case, her service efforts were not compliant with Rule 4(c)(2) and thus deficient. *See, e.g.*, *Bullock v. Hana Indus., Inc.*, 2024 WL 620440, at *2 (D.D.C. Feb. 14, 2024) ("[Plaintiff] did not comply with these [service] rules because he himself served [the defendants]."); *Olson v. FEC*, 256 F.R.D. 8, 10 (D.D.C. 2009) ("Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant—including the United States—by mail.").

Moreover, this problem is not cured by Jackson's "no harm, no foul" suggestion that Defendants received "actual notice" of the lawsuit. It is well settled in this jurisdiction that "actual notice is not a substitute for proper service on a party as Rule 4 directs." *Raja v. Fed. Deposit Ins. Corp.*, 2018 WL 818393, at *4 (D.D.C. Feb. 12, 2018); *see also, e.g.*, *Salmeron v. District of Columbia*, 113 F. Supp. 3d 263, 269 (D.D.C. 2015) (similar); *Mann v. Castiel*, 729 F. Supp. 2d 191, 196 (D.D.C. 2010) (similar), *aff'd,* 681 F.3d 368 (D.C. Cir. 2012).

That said, in lieu of dismissal, the Court will exercise its discretion to allow Jackson an additional thirty (30) days to properly effectuate service, which will require that she enlist another non-party adult—this could be a friend, a family member, or a professional process server—to complete the necessary service steps in this case. If Jackson does not complete proper service

within thirty (30) days or request an extension of time to do so, the Court will dismiss the case without prejudice. *See* Fed. R. Civ. P. 4(m).[4]

## II.     Rule 12(b)(6) Issues

Along with their improper-service arguments, Defendants press a handful of arguments for dismissal of various claims and certain defendants under Rule 12(b)(6). But given Jackson's failure to properly effectuate service to this point, the bulk of those arguments are premature. The Court will, however, address the request for dismissal of any individually named defendants and FEMA.

Recall that Jackson asserts employment-related claims under three federal statutes: Title VII, the ADEA, and the Rehabilitation Act. For claims brought against federal employers under those statutes, "the only proper defendant is the head of the department or agency being sued." *Webster v. Spencer*, 318 F. Supp. 3d 313, 317–19 (D.D.C. 2018) (cleaned up) (addressing Title VII and ADEA); *see also, e.g.*, *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 134–35 (D.D.C. 2016) (addressing Title VII); *Lanier v. Smedberg*, 2025 WL 2144075, at *5 (D.D.C. July 29, 2025) (addressing Title VII and ADEA); *Dixon v. Yellen*, 2024 WL 1831967, at *2 n.2 (D.D.C. Mar. 21, 2024) (addressing Title VII and Rehabilitation Act); *Welch v. Powell*, 2016 WL 6806211, at *2 n.3 (D.D.C. Nov. 17, 2016) (addressing Rehabilitation Act). Any potential companion claims against individual managers or supervisors within an agency "essentially merge[]" with the claims against the agency head. *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995); *see also Coulibaly*, 213 F. Supp. 3d at 135; *Lanier*, 2025 WL 2144075, at *5. In fact, Jackson arguably concedes this point in her surreply, writing that she does not oppose the pursuit of her claims against "the Secretary in official capacity." (ECF No. 18 at 2.) Even absent concession, though, the law is clear. The Court

---

[4] In keeping with the Circuit's guidance in *Angellino v. Royal Fam. Al-Saud*, 688 F.3d 771, 778 (D.C. Cir. 2012), the Court advises as follows: a dismissal without prejudice would mean Jackson could bring her claims again in a new lawsuit, but the applicable statute(s) of limitation would generally keep running and be unaffected by this case, which could affect the timeliness of the claims filed in any future case.

accordingly dismisses any claims against the individuals referenced as defendants in the complaint, *i.e.*, Sammy Brunson, Denise Morales, and David McKendrick. This same result follows for any claims Jackson asserts against FEMA. Because FEMA is an agency within DHS, the Secretary of Homeland Security is the proper defendant, not FEMA. *See, e.g.*, *Coleman v. Fed. Emergency Mgmt. Agency*, 2022 WL 4379039, at *1 n.1 (D.D.C. Sept. 22, 2022); *see also Ransom v. Mayorkas*, 2025 WL 947514, at *4 (D.D.C. Mar. 28, 2025).

Beyond that, the Court declines to reach Defendants' other 12(b)(6) arguments for dismissal, at least at this juncture. In the event Jackson properly completes service, the Secretary of Homeland Security remains free to renew those arguments in a future motion.

## CONCLUSION

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. Specifically, the Court **DISMISSES** all claims against the individuals referenced as defendants in the complaint and against FEMA, leaving the Secretary of Homeland Security as the sole (and proper) defendant in this action moving forward. The motion is otherwise **DENIED**. But because Jackson has not completed service for the reasons explained, the Court **ORDERS** that she complete proper service of process on the Secretary and file an appropriate proof of service **by no later than May 25, 2026**. If she fails to do so without filing a motion for extension of time, the Court will dismiss the action without prejudice.

Dated: April 23, 2026

MATTHEW J. SHARBAUGH
United States Magistrate Judge

7